IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS RADCLIFF | ) | |
| | ) | |
| Plaintiff, | ) | Judge Der-Yeghiayan |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN FUNDING, INC.; | ) | 08 CV 1979 |
| PERFORMANCE CREDIT | ) | |
| CORPORATION, f/k/a | ) | |
| ENCORE CREDIT CORPORATION; | ) | |
| BEAR STEARNS RESIDENTIAL | ) | Magistrate Judge Brown |
| MORTGAGE CORPORATION; | ) | |
| LASALLE NATIONAL BANK | ) | |
| ASSOCIATION, AS TRUSTEE FOR | ) | |
| CERTIFICATEHOLDERS OF BEAR | ) | |
| STEARNS ASSET BACKED | ) | |
| SECURITIES I LLC, ASSET-BACKED | ) | |
| CERTIFICATES, SERIES 2007-HE7; | ) | |
| EMC MORTGAGE CORPORATION; | ) | |
| MORTGAGE ELECTRONIC SYSTEMS, | ) | |
| INC.; and DOES 1-5, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Having conferred on July 31, 2008, pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order regarding the Initial Status Report, the parties submit the following joint initial status report:

      1.    **Nature of Claims and Counterclaims.**  Plaintiff asserts two individual claims against defendants relating to a refinance mortgage loan transaction, which occurred July 26, 2007.  Briefly:

      Count I.  Plaintiff claims the right to rescind his loan and recover statutory damages under the Truth in Lending Act ("TILA"), 15 U.S.C. §1640 *et seq.*, for the

lender's (Encore 's or Bear Stearn's) alleged failure, in the transaction, to provide plaintiff with TILA Disclosure Statements and federal notice of right to cancel forms, as required.  Plaintiff alleges he never received any closing documents whatsoever until March, 2007, when, in response to his request, he obtained a small number of documents (but still no TILA disclosures) from the closing agent.  This claim is against Encore, Bear Stearns, MERS, and John Does 1-5 (any unknown party with an interest in plaintiff's loan).  Plaintiff recently dismissed EMC from this Count pursuant to an agreement with its counsel.

   Count II.  Plaintiff claims that defendants American Funding, Inc., violated the Illinois Consumer Fraud Act, 815 ILCS 505/2, through a combination of deceptive acts and practices, the essence of which was to deceive plaintiff orally about the true terms of the loan while simultaneously not providing any written disclosures of the terms.

   Count III.  Plaintiff recently dismissed his Count III, Illinois Interest Act claim.

   Counterclaims.  No defendant asserts a counterclaim against plaintiff at this time.

   3.  **Relief Sought by Plaintiff.**  Under Count I, plaintiff seeks full, TILA rescission of the loan, as well as statutory and actual damages under TILA.  Under Count II, plaintiff seeks compensatory, actual and punitive monetary damages. Plaintiff also seeks reasonable attorney's fees and costs from defendants under each statute.

   4.  **Names of Parties Not Served.**  All parties have been served, except for any John Does, whose identity is presently unknown to plaintiff.

5. **Principal Legal Issues.** Initially and subject to modification during and after discovery, the parties anticipate at least the following legal issues: (1) whether Lilly is or was an agent of American Funding, Inc.; (2) whether American Funding, Inc., was an agent of Encore or Bear Stearns in plaintiff's transaction; and (3) whether plaintiff is entitled to rescission.

6. **Principal Factual Issues.** Initially and subject to modification during and after discovery, the parties anticipate at least the following factual issues: (1) whether the originating creditor was Encore and Bear Stearns (the documents indicate both); (2) whether and/or when plaintiff received TILA disclosures in a form they could keep; (3) whether and when plaintiff received any written disclosures or other documents in connection with the loan, either before or after closing; (4) what oral representations were made to plaintiffs regarding the loan terms; (5) what occurred at closing (generally); (6) who the current assignee of ownership of plaintiff's loan is; and (7) whether plaintiff can tender amounts necessary to effectuate rescission assuming, *arguendo*, that rescission is available.

7. **List of Pending Motions and Brief Summary of Bases for Motions.** There are no pending motions at this time. However, plaintiff intends to file, before the initial status hearing, a motion for leave to file an amended complaint. Plaintiff agrees to continue defendant Bear Stearns,' LaSalle's and MERS' deadline to respond to the original complaint, pending filing of the amended complaint.

The defendants have not seen the proposed amended complaint. They, therefore, reserve their rights to propose modifications to the proposed schedule set out in

3

paragraph ten (10) below, after reviewing and responding to the proposed amended complaint.

  8. **Description of Discovery Requested and Exchanged.** No discovery has been exchanged yet.

  9. **Type of Discovery Needed.** The parties need document and oral discovery concerning at least the following: (1) the facts and circumstances relating to plaintiff's closing (2) the business relationships between defendants; (3) oral representations made to plaintiff regarding the loan terms; (4) if or when plaintiff received closing documents, including TILA disclosures; and (5) information concerning current assignee(s) of interests in plaintiffs' loan. Plaintiff anticipates issuing document subpoenas to (a) the Division of Banking, Illinois Department of Financial and Professional Regulation and (b) the Illinois Attorney General and (c) the Federal Trade Commission. Initially and subject to further discovery, each of the parties anticipates taking between five and seven depositions.

  10. The parties propose **Agreed Dates for:**

|   |   |   |   |
|---|---|---|---|
| a. | **Rule 26(a)(1) Disclosures:** | August 29, 2008. |
| b. | **Fact Discovery Completion:** | November 30, 2008. |
| c. | **Filing Dispositive Motions:** | December 30, 2008. |
| d. | **Filing of a Final Pretrial Order**: | January 30, 2009 (or **after court has ruled on dispositive motions).** |

  11. **Estimation of When the Case Will Be Ready for Trial: February 15, 2009 (or soon after court has ruled on dispositive motions).**

  12. **Probable Length of Trial:** Three (3) days.

13. **Whether a Request Has Been Made for a Jury Trial.**  Yes, plaintiff filed a jury demand.

14. **Whether There Have Been Settlement Discussions.** Settlement discussions have occurred and are ongoing between plaintiff and all defendants.

15. **Whether the Parties Consent to Proceed Before a Magistrate Judge:**       The parties do not consent to proceed before a magistrate.

Date:  July 31, 2008

For plaintiff:

s/Al Hofeld, Jr.

Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
and The Social Justice Project, Inc.
208 S. LaSalle St., Suite 1650
Chicago, IL 60604
(312) 345-1004
(312) 346-3242 (FAX)
al@alhofeldlaw.com

For defendant American Funding, Inc.:

s/Carlton Odim

Carlton Odim
Odim Law Offices
19 South LaSalle Street, Suite 1300
Chicago, IL 60603-1417
(Phone) 312-578-9390
carlton@odimlaw.com

For defendants Bear Stearns Residential Mortgage Corporation;
LaSalle National Bank Association, as Trustee;

5

and Mortgage Electronic Registration Systems:

s/Linda B. Dubnow

Linda B. Dubnow
Blair B. Hanzlik
McGuireWoods LLP
77 West Wacker Drive, Suite 1400
Chicago, IL 60601-1818
(Phone) 312-849-8100
ldubnow@mcguirewoods.com
bhanzlik@mcguirewoods.com